UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE COURTNEY BOLLERS,<br><br>                        Plaintiff,<br><br>                        -against-<br><br>MEXICAN PRESIDENT THAT WAS IN OFFICE 2006,<br><br>                        Defendant. | 1:21-CV-5438 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Steve Courtney Bollers, who appears *pro se*, alleges that he is both a citizen of the State of New York and of Guyana. He asserts claims under the Court's diversity jurisdiction, sues "Mexican President that was in office 2006," and seeks damages. By order dated August 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges that in March 2006, in Guyana, he and his friends:

> contributed to [the] capture [of] El Chapo the first time he escaped. It was [Plaintiff's friends] Rowdy, Andrew Pollard, Floid, Fenton Rudder, [Plaintiff's] sister['s] boyfriend at the time . . . and police that c[a]ught El Chapo. The workers of Guzman El Chapo were killed by [Plaintiff] . . . and [his] friends. One of El Chapo['s] worker[s] claimed to have killed Tupac Sh[a]kur and another of El Chapo['s] worker[s] claimed to have killed Christopher Wallace "Biggie Smalls" Notorious [B.I.G.]. The Terrorist that killed Biggie; [Plaintiff] . . . killed that terrorist. The Mexican president owe[s] [Plaintiff and his friends] 3 million dollars that [Plaintiff] has to split with [his] team.

(ECF 2, at 5.)

Plaintiff also alleges that "El Chapo['s] worker name[d] Carl A.K.A. K2 which means killed Tupac. K2 burn[ed] like a billion dollars of cash; that belonged to us. El Chapo['s] worker Addija Palmer Vyloz [C]artel robbed us for bags of money. Vyloz [C]artel shot Tupac in Quad Studio." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims present no basis for a legally viable claim. *See Denton*, 504 U.S. at 32-33; *Livingston*, 141 F.3d at 437.

2

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 26, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge